# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| APRIL BURNS-NORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>MURFREESBORO HOUSING AUTHORITY et al.,<br><br>    Defendants. | Case No. 3:22-cv-00415<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

On January 5, 2023, the Court found that pro se Plaintiff April Burns-Norris had not responded in opposition to the motions to dismiss her complaint filed by Defendants Dominium Management Services, LLC, Murfreesboro Leased Housing Associates I, LP, the Tennessee Housing Development Agency, Donna Duarte, the City of Knoxville, Volunteer Behavioral Health System, the City of Murfreesboro Community Development Department, the City of Murfreesboro, the Rutherford County Board of Education, the Murfreesboro Housing Authority, the Hellen Ross McNabb Center, Inc., and the Knox County Board of Education. (Doc. No. 100.) The Court ordered Burns-Norris to show cause by January 19, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) for Burns-Norris's failure to prosecute her claims. (*Id.*) The Court further ordered Burns-Norris to file any responses in opposition to the defendants' motions to dismiss by the same date. (*Id.*) The docket shows that Burns-Norris has not complied with the Court's show-cause order or responded to the defendants' motions to dismiss.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Burns-Norris's complaint without prejudice under Rule 41(b) for failure to prosecute and find moot the defendants' motions to dismiss.

## I. Factual and Procedural Background

Burns-Norris initiated this action on June 8, 2022, by filing a complaint against the above-named defendants, the Tennessee Department of Education, and the U.S. Department of Housing and Urban Development Southeast/Caribbean Office of Fair Housing and Equal Opportunity and U.S. Department of Housing and Urban Development's Community Planning and Development Knoxville Field Office (U.S. Defendants), alleging violations of her civil rights under various federal laws. (Doc. No. 1.) Burns-Norris's complaint seeks monetary damages and injunctive relief. (*Id.*) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.)

The Tennessee Department of Education and the U.S. Defendants have not yet appeared in this action, but the remaining defendants have appeared and filed motions to dismiss Burns-Norris's claims under Federal Rule of Civil Procedure 12(b). (Doc. Nos. 13, 40, 65, 69, 87, 89, 91, 94, 96.) On Burns-Norris's motion, the Court extended the deadline for her to respond in opposition to the first four motions to dismiss to November 30, 2022. (Doc. No. 86.) The Court warned Burns-Norris "that failure to respond in opposition to the defendants' motions to dismiss by [the] deadline will likely result in a recommendation that her claims against these defendants be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id.* at PageID# 495.) The Court notified Burns-Norris that her responses in opposition to the remaining five motions to dismiss were due within fourteen days of being served with each motion and again warned her that failure to respond in opposition to the motions might result in a recommendation that her claims be dismissed. (Doc. Nos. 93, 98, 99.)

2

Case 3:22-cv-00415    Document 101    Filed 01/26/23    Page 2 of 7 PageID #: 606

On January 5, 2023, the Court found that the deadlines for Burns-Norris to respond in opposition to the defendants' motions to dismiss had passed and Burns-Norris had not filed any responses in opposition. (Doc. No. 100.) The Court therefore ordered Burns-Norris to show cause by January 19, 2023, why the Magistrate Judge should not recommend that this action be dismissed under Rule 41(b) and to file responses in opposition to the defendants' motions by the same date. (*Id.*) The docket shows that Burns-Norris has not complied with the Court's show-cause order and has not responded in opposition to the defendants' motions to dismiss.

II. **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other,

3

Case 3:22-cv-00415    Document 101    Filed 01/26/23    Page 3 of 7 PageID #: 607

less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Burns-Norris.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Burns-Norris's failure to respond to the defendants' motion to dismiss and failure to respond to the Court's show-cause

order. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and

5

responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Because filing motions to dismiss is a typical step in early litigation, the second factor weighs against dismissal here. *See id.* at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Burns-Norris that failure to respond to its show-cause order and file responses in opposition to the defendants' motion to dismiss would likely result in a recommendation of dismissal. (Doc. Nos. 86, 93, 98–100.) This factor therefore weighs against dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though the defendants have filed motions to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Burns-

6
Case 3:22-cv-00415    Document 101    Filed 01/26/23    Page 6 of 7 PageID #: 610

Norris's failure to prosecute her claims and that the defendants' motions to dismiss (Doc. Nos. 13, 40, 65, 69, 87, 89, 91, 94, 96) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of January, 2023.

                                                                                       _____
                                                                                       ALISTAIR E. NEWBERN
                                                                                       United States Magistrate Judge